Núm. 187.—Gómez Vda. de Gely, et al., recurrentes, *v.* Comisión Industrial, et al., dmdados.—■ Julio 18, 1940.

(Por la Corte, a propuesta del Juez Asociado Sr. Hutchison.)

Por cuanto, la Comisión Industrial desestimó una apelación interpuesta por los pretensos beneficiarios del occiso, Ramón Gely, de una resolución dictada por el Administrador del Fondo del Estado y confirmó dicha resolución;

Por **cuanto**, la Comisión basó su propia resolución en las siguientes conclusiones de hechos:

"La Sucn. de P. Álvarez, es dueña en el pueblo de Arroyo, de una panadería denominada 'La Moderna' y el pan que fabrica es distribuído por 4 ó 5 hombres de los que uno era Ramón Gely, el obrero de este caso.

"El día 11 de agosto de 1936 mientras Gely vendía por la carretera de Arroyo a Patillas el pan obtenido de dicha panadería, fué arrollado por un 'truck' falleciendo el mismo día del accidente, por consecuencia de las lesiones recibidas. El Administrador del Fondo del Estado dictó resolución en el caso con fecha abril 11 de 1939, negando su compensabilidad por el fundamento 'De que para la fecha del accidente no había relación de patrono y obrero entre Ramón Gely y la Sucn. de P. Álvarez.'

"La viuda de Cely, Sra. Ramona Quiñones y una hija natural reconocida de nombre Juana Gely, alegando ser las beneficiarias del obrero occiso, apelaron de esta resolución, celebrándose la vista correspondiente a este recurso ante la Comisión Industrial el día 15 del ppdo. agosto, compareciendo el Fondo del Estado representado por el Lic. Atiles Morén y los beneficiarios por el Lic. Miguel A. Casiano.

"La prueba practicada en ese acto lleva a la conclusión de que el pan que distribuían en el pueblo de Arroyo y sus contornos las 4 ó 5 personas por medio de los que la panadería 'La Moderna' vendía el pan que fabricaba, era adquirido por estas personas a un precio de 2 centavos menos que al que ellos lo revendían, pagando el importe del adquirido a la panadería semanalmente, durante los días domingo y lunes en que ellos cobraban de su clientela el importe del pan repartido entre ésta. Que la clientela pertenecía a cada uno de los vendedores, sin que la panadería tuviera conocimiento de las personas que la constituían. Que cuando la cuenta de alguno de estos clientes se perdía por no pagarla, la persona que se lo había vendido era la responsable de pagarla a la panadería, sin que ésta asumiera pérdida de clase alguna por tal concepto. Que estos vendedores podían vender el pan al precio que les viniera en ganas, dándose la ocasión de que cuando la competencia era grande con otras panaderías, fuera vendido por ellos a menor precio del en que fué adquirido. . Que en la tarde de cada día cada uno de estos vendedores encargaba a la panadería la cantidad de pan que iba a tomar al día siguiente para su fabricación durante la noche, y que si algún pan sobraba no era obligación de la panadería el aceptarlo, pero por ser estos vendedores hombres honrados y antiguos clientes de la casa, para mantenerlos contentos, si se trataba de poca cantidad de pan sobrado, 5 ó 6 libras, la panadería lo cambiaba por igual cantidad de pan fresco para el día siguiente, quedándose la panadería con el pan devuelto, que era vendido como pan viejo a 6 centavos a los obreros del campo. Que los referidos vendedores de pan, además de esta ocupación, podían dedicarse a otros menesteres de su incumbencia, como vender dulces, piraguas, etc. Que estos vendedores repartían el pan así adquirido por los lugares donde tenían sus clientes sin que la panadería tuviera que ver nada en ello."

Por **cuanto**, los únicos errores señalados por los recurrentes son los siguientes·

"1. La Hon. Comisión Industrial cometió grave error al resolver como resolvió que las relaciones existentes entre el revendón de pan Ramón Gely y la Sucn. de Pedro Álvarez, dueña de la panadería, no eran las de patrono y obrero.

"2. Que la Comisión Industrial debió tomar y no tomó en consideración ciertas y determinadas circunstancias para resolver si existían o no relaciones de patrono y obrero en el caso del revendón de pan."

POR CUANTO, las circunstancias que según los recurrentes debió tomar y no tomó en consideración la Comisión, son las siguientes:

"A. El patrono utilizó como distribuidores del pan que fabricaba a varios revendones, entre ellos a Ramón Gely, y limitaba su número a cinco o seis.

"B. El sobrante del pan era devuelto por los revendones al patrono al finalizar la labor del día.

"C. El patrono era quien fijaba el precio de la reventa a los revendones.

"D. El jornal o salario de estos revendones se fijaba en una comisión de dos centavos por cada libra de pan que se vendía.

"E. El patrono facilitaba a los revendones el equipo, consistente en carros para la venta del pan.

"F. Los revendones podían fiar el pan y el patrono esperaba que los revendones cobraran a los clientes para liquidar sus cuentas, respondiéndole los revendones al patrono de aquellos clientes que no pagaran.

"G. Los clientes no eran de los revendones sino de la panadería.

"H. El patrono podía suspender de empleo y en ocasiones suspendió o destituyó a algunos de los revendones.

"I. El patrono estableció condiciones que debían ser cumplidas por los revendones en la venta del pan en cuanto al lugar de sus operaciones, salarios y uso del equipo."

POR CUANTO, en una moción sobre reconsideración ante la Comisión, las recurrentes en su alegato en apoyo de dicha moción, sometieron a la Comisión sustancialmente las mismas cuestiones y el mismo análisis de la prueba como las contenidas en su alegato ante este Tribunal, y la Comisión declaró sin lugar dicha moción.

POR CUANTO, esta corte carece de jurisdicción o poder para revisar cuestiones de hecho una vez resueltas por la Comisión siempre que exista alguna prueba para sostener la conclusión a que la Comisión haya llegado.

POR CUANTO, si bien el caso está en la línea (véase *Easton v. Industrial Accident Commission*, 167 P. 288) y futuros casos más o menos parecidos al presente serán resueltos de acuerdo con los hechos establecidos si no son idénticos a los hechos establecidos en el presente caso no encontramos motivos suficientes para revocar la resolución recurrida.

POR TANTO, por la presente se confirma la resolución dictada por la Comisión Industrial en octubre 23, 1939.

El Juez Asociado Sr. De Jesús no intervino.